IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID B. MARTIN, | C/A 2:09-1347-CWH-BM |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Ninth Judicial Circuit, asserting claims for violations of the Family and Medical Leave Act (FMLA); 29 U.S.C. § 2601, et. seq.; invasion of privacy, and liable. The case was subsequently removed to this Court by the Defendant pursuant to 28 U.S.C. § 1441(a), citing original jurisdiction due to Plaintiff's federal FMLA claim.

Following removal, the Defendant filed a motion to dismiss Plaintiff's FMLA claim pursuant to Rule 12, Fed.R.Civ.P., asserting that this claim is barred by the Defendant's sovereign immunity from suit. Plaintiff filed a memorandum in opposition to the Defendant's motion to dismiss on June 8, 2009, following which the Defendant filed a reply memorandum on June 10, 2009. Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Discussion**

When considering a motion to dismiss pursuant to Rule 12, the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the [Plaintiff]. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Plaintiff, a former employee of the Defendant, alleges in his first cause of action that he suffers from diabetes, that the Defendant intentionally failed to designate his absences from work due to his condition as FMLA leave, and thereafter unlawfully terminated him in violation of the FMLA.

Plaintiff does not dispute that, as a state agency, the Defendant is immune from suit for damages unless 1) Congress has properly abrogated the states' immunity with regard to Plaintiff's FMLA claim, or 2) the Defendant otherwise has consented to suit. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984); Coffin v. South Carolina Department of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978). Plaintiff argues both of these grounds in opposition to Defendant's motion.

**I.**

With respect to whether Congress has abrogated the states' immunity with regard to Plaintiff's FMLA claim, Plaintiff correctly notes that the Congress, as part of the enactment of the FMLA, did specifically provide that a right of action may be maintained by an employee "against any employer (including a public agency)." 29 U.S.C. § 2617(a)(2). However, Congress can abrogate a state's sovereign immunity only when it "both unequivocally intends to do so and 'act[s] pursuant

2



to a valid grant of constitutional authority.'" Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363-364 (2001), quoting Kimel v. State Board of Regents, 528 U.S. 62, 73 (2000). With respect to the "self-care" provision of the FMLA (the provision at issue here); 29 U.S.C. § 2612(a)(1)(D); circuit courts that have considered this issue have found an absence of valid constitutional authority for Congress to have waived the states' sovereign immunity with respect to such claims, and that therefore an unconsenting state cannot be sued under this provision.[2] See Nelson v. University of Texas at Dallas, 535 F.3d 318, 321 (5th Cir. 2008); Batchelor v. South Florida Water Management District, 242 Fed. Appx. 652 (11th Cir. 2007); Miles v. Belfontaine Habilitation Center, 481 F.3d 1106 (8th Cir. 2007); Toeller v. Wisconsin Dep't of Corrections, 461 F.3d 871 (7th Cir. 2006); Touvell v. Ohio Dep't of Mental Retardation and Developmental Disabilities, 422 F.3d 392, 402 (6th Cir. 2005); Brockman v. Wyoming Dep't of Family Services, 342 F.3d 1159, 1164 (10th Cir. 2003). All of these decisions post-date Hibbs. Further, Circuits which had addressed this issue *prior* to the Supreme Court's ruling in Hibbs had also found that the FMLA's "self-care" provision did not abrogate state sovereign immunity, a position still accepted post-Hibbs by the courts of those circuits. See Laro v. New Hampshire, 259 F.3d 1, 16 (1st Cir.

---

[2] These rulings stand in contrast to court rulings regarding the "family leave" provision of the FMLA; 29 U.S.C. § 2612(a)(1)(C); which allows an employee to obtain leave in order to care for a family member. The United States Supreme Court has held that the abrogation of the states' immunity from suit under the "family leave" provision meets constitutional muster, and that the states therefore have no immunity from suit under that provision. See Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 725-726, 737 (2003). However, no such ruling from the Supreme Court has been issued with respect to the "self-care" provision of the FMLA (the provision at issue here), and, as recited hereinabove, the circuit case law issued subsequent to the Hibbs decision has held that the states retain their sovereign immunity from suit with respect to damages claims under the "self-care" provision of the FMLA.

3



2001)[3]; Hale v. Mann, 219 F.3d 61, 69 (2nd Cir. 2000)[4]; Chittister v. Department of Community and Economic Development, 226 F.3d 223 (3rd Cir. 2000)[5].

Similarly, in Lizzi v. Alexander, 255 F.3d 128 (4th Cir. 2001), issued prior to Hibbs, the Fourth Circuit held that the "self-care" provision of the FMLA did not abrogate state sovereign immunity. Lizzi, 255 F.3d at 135-136. Neither party cites to a District Court decision in this circuit addressing this issue since Hibbs;[6] however; the Maryland Supreme Court has considered this issue and found that the Fourth Circuit's holding in Lizzi has not been disturbed by the Supreme Court opinion in Hibbs. Lizzi v. Washington Metro. Area Transit Authority, 862 A.2d 1017, 1024 (Md. 2004).

In contrast to this clear line of authority, the Plaintiff has pointed to no cases supporting his argument that Congress acted pursuant to a valid grant of constitutional authority in

---

[3] See also Wilson v. Executive Office of Health and Human Services, 606 F.Supp. 2d 160, 163-166 (D.Mass. Apr. 1, 2009)[Affirming that the decision in Laro remains binding on claims brought under the FMLA's "self-care" provision].

[4] See also Mastrolillo v . State of Connecticut, No 04-464, 2005 WL 2452164, at * 1, n. 1 (D.Conn. Oct. 4, 2005)[Affirming that the Hale decision continues to bar claims brought under the FMLA's "self-care" provision].

[5] See also Wampler v. Pennslyvania Department of Labor & Industry, 508 F.Supp. 2d 416, 420-421 (M.D.Pa. 2007)[Affirming that the Chittister decision continues to bar claims under the FMLA's "self-Care" provision].

[6] The Fourth Circuit did note the holding in Hibbs in a case decided shortly after the Hibbs decision was issued, but did not specifically address this issue. See Montgomery v. Maryland, 72 Fed. Appx. 17 (4th Cir. 2003). However, as is set forth in the case law cited hereinabove, courts addressing this issue post-Hibbs continue to hold that the self-care provision of the FMLA did not result in a valid abrogation of the states' sovereign immunity. Absent clear contrary authority in this circuit, the undersigned is persuaded by this overwhelming authority. See also, Malone v. Shenandoah County Dept. Of Social Services, No. 04-114, 2005 WL 1902857, n. 6 (W.D.Va. Aug. 9, 2005); cf. Wilson, 606 F.Supp. 2d at 164-165.



abrogating the states' immunity from money lawsuits for claims brought under the "self-care" provision of the FMLA.[7] Therefore, based on the applicable precedent, the undersigned finds and concludes that there has been no valid congressional abrogation of state immunity with regard to Plaintiff's FMLA claim.

## II.

The next question to be addressed is whether the State of South Carolina has effectively waived its sovereign immunity with respect to Plaintiff's FMLA claim and consented to suit in this Court by virtue of having removed this case from state court to the federal court. Plaintiff argues that is precisely what the Defendant did, citing to Lapides v. Board of Regents of the University of Georgia, 535 U.S. 613 (2002). However, after careful review and consideration of this argument, the undersigned finds it to be without merit.

In Lapides, the United States Supreme Court held that the State of Georgia had waived its immunity from suit by removing the case from state court to federal court, thereby voluntarily invoking the federal court's jurisdiction. Lapides, 535 U.S. at 619-620. However, the facts in

---

[7]There is one other issue, not addressed by either party, which presents itself with respect to Plaintiff's FMLA claim. There is some authority that, in appropriate circumstances, suit may be brought in federal court against a state official in their official capacity seeking prospective injunctive relief, including even under the "self-care" provision of the FMLA. See Ex parte Young, 209 U.S. 123 (1908); Lytle v Griffith, 240 F.3d 404, 408 (4th Cir. 2001)[Ex parte Young authorizes "suit against state officers for prospective equitable relief from ongoing violations of federal law"]; Stewart v. Moccasin Bend Mental Hospital, Nos. 07-305, 08-255, 2009 WL 2244621, * * 5-6 (E.D.Tenn. July 24, 2009)["[A] claim for reinstatement brought under the self-care provision of the FMLA falls under the Ex parte Young exception to Eleventh Amendment immunity"]. In his Complaint, First Cause of Action, Plaintiff seeks not just money damages, but also "such equitable relief as may be appropriate, including reinstatement and/or front pay." Complaint, ¶ 38. However, the state agency defendant named here would not appear to be a proper party defendant for such a claim. Lytle, 240 F.3d at 408 [Ex parte Young authorizes suit against "state officers"]; Nelson v. University of Texas at Dallas, 535 F.3d 318, 321-322 (5th Cir. 2008); Stewart, 2009 WL 2244621, at *6.

5



Lapides are markedly different from the facts in the case at bar. In Lapides, the State had already explicitly waived immunity in state court with respect to the claims at issue, but then attempted to assert Eleventh Amendment immunity from suit with respect to these same state law claims after it had removed the case to federal court. Id, at 616-617.[8] The Supreme Court determined that the State of Georgia could not escape its previous waiver of immunity simply by removing the case to federal court. Id; see also Cockfield v. South Carolina Department of Public Safety, No. 05-277, 2007 WL 954131, at * 14 (D.S.C. Mar. 27, 2007). That is not the situation here, as the State of South Carolina has not waived its sovereign immunity from suit with respect to Plaintiff's FMLA claim in state court.[9]

Plaintiff's cite to Thompson v. University of South Carolina, No. 04-219, 2006 WL 2583595 (D.S.C. Sept. 5, 2006), is also unavailing as that case is also factually dissimilar. In Thompson, the Defendants had never raised the issue of immunity as a defense until after litigating the case for almost two years, raising the issue for the first time in their motion for summary judgment. Here, the Defendant has immediately asserted its claim to sovereign immunity before even filing an answer in the case. In Stewart, the Fourth Circuit was presented with a situation identical to the one faced by this court in the case at bar: the State of North Carolina had removed the case

---

[8]Although the terms are sometimes used interchangeably, there is a difference between the states' Eleventh Amendment immunity from suit in federal court, and the general doctrine of sovereign immunity of the states from suit in any court. See generally, Stewart v. North Carolina, 393 F.3d 484, 487-488 (4th Cir. 2004)[Discussing generally the distinction between state sovereign immunity and Eleventh Amendment immunity]; Alden v. Maine, 527 U.S. 706, 713 (1999) [Same].

[9]SCDC policy ADM-11-08 (attached as an exhibit to Plaintiff's memorandum in opposition) does not support any argument for a waiver of immunity for this claim in state court, as the cited policy contains no such waiver.

6



from state court to federal court but, unlike Georgia in Lapides, North Carolina had not consented to suit in its own courts for the relevant claims. The Fourth Circuit held that "by removing the case to federal court and then invoking sovereign immunity, North Carolina did not seek to regain immunity that it had abandoned previously. Instead, North Carolina merely sought to have the sovereign immunity issue resolved by a federal court rather a state court." Stewart, 393 F.3d at 490. The Fourth Circuit also held that 28 U.S.C. 1441(a) permits "defendants to remove to federal court, 'any civil suit brought in a State Court of which the district courts of the United States has original jurisdiction'", and that there was "nothing inconsistent, anomalous, or unfair" about permitting a state to employ removal in order to have a federal court decide the sovereign immunity issue. Id. at 490.

Therefore, the State of South Carolina, "having not already consented to suit in its own courts, did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question." Stewart, 393 F.3d at 490.

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss Plaintiff's FMLA claim (first cause of action) be **granted**.

With respect to Plaintiff's two remaining state law causes of action, if the Court adopts the recommendation set forth herein with regard to Plaintiff's federal claim, these pending state law claims will be the only claims remaining in this lawsuit. When federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims should be remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671,



675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996).  Therefore, it is recommended that upon dismissal of Plaintiff's FMLA claim, this case be **remanded** back to state court for disposition.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 10, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

