| | |
|---|---|
| David B. Martin, ) | Civil Action No.: 2:09-01347-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| South Carolina Department ) | |
| of Corrections, ) | |
| ) | |
| Defendant. ) | |

This action was filed by David B. Martin (the "plaintiff") in the South Carolina Court of Common Pleas, Ninth Judicial Circuit, alleging claims for violations of the Family and Medical Leave Act (the "FMLA"); 29 U.S.C. § 2601, et seq., invasion of privacy, and libel. The South Carolina Department of Corrections (the "defendant") subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441(a), citing original jurisdiction due to the plaintiff's FMLA claim.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a report and recommendation. On August 10, 2009, the magistrate judge issued a report recommending that the defendant's motion to dismiss the plaintiff's FMLA claim be granted, as the claim was barred by the defendant's sovereign immunity from suit, and that the case be remanded to state court for resolution of the state law claims. The magistrate judge advised the plaintiff of the procedures and requirements for filing objections to the report and the serious

consequences if he failed to do so. The plaintiff did not file any objections to the report, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo review of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). In this case, because the plaintiff failed to file any objections to the report, the district court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). After reviewing the record, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (Docket # 11) by reference in this order. The defendant's motion to dismiss the plaintiff's FMLA claim (Docket # 7) is granted.

After the report was filed, but prior to this Court reviewing the report, the plaintiff filed a motion to amend the complaint. (Docket # 13). The Court recognizes that the plaintiff "had the right once to amend his complaint, without leave of court, prior to the filing of a responsive pleading by the Defendants." St. John v. Moore, 135 F.3d 770 (Table), 1998 WL 71516 at *1

<mark>Page 2 of 4</mark>



(4th Cir. Feb. 23, 1998) (citing Domino Sugar Corp. v. Sugar Workers Local Union 352, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993)). The defendant's motion to dismiss is not a responsive pleading under Fed. R. Civ. P. 15(a), and therefore the plaintiff's motion to amend his complaint (Docket # 13) is granted. The Court must consider these claims in its decision even if those claims were not raised before the magistrate judge. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992).

Here, the amended complaint alleges four additional state law causes of action: fraud in the inducement, promissory estoppel, gross negligence, and intentional misrepresentation. The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (holding that the district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). In particular, a court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if–the district court has dismissed all claims over which it has original jurisdiction[.]"). Having granted the defendant's motion to dismiss the federal claim, and granted the plaintiff's motion to amend his complaint, this Court declines to



exercise supplemental jurisdiction over the state law claims. This matter is remanded to the state court for resolution of the plaintiff's state law claims.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 30, 2009
Charleston, South Carolina